

```
BENJAMIN B. WAGNER
United States Attorney
TODD PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2766
Facsimile: (916) 554-2900
```

FILED
JUN 10 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES )
OF AMERICA FOR AUTHORIZATION TO )   CASE NO. 2:13-SW-
OBTAIN LOCATION DATA CONCERNING )
CELLULAR TELEPHONES ASSIGNED )   ORDER
TELEPHONE NUMBERS: (916) 945-0190, )   2:13-SW-0406  DAD
(530) 210-4296, (909) 205-0651, and (909) )
452-5029 )   **UNDER SEAL**
 )
 )   **SEALED**

This matter came before the Court on an application by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) to ascertain the physical location of the following cellular telephones: of (1) the cellular telephone assigned Telephone Number (916) 945-0190, Subscriber: "Melecio Meza," Po Box 54988, Irvine, California, believed to be in possession of Jesus Ramon MACHADO LOPEZ, a member of a drug trafficking organization, with service provided by Sprint, hereinafter (**TELEPHONE #30**); (2) the cellular telephone assigned Telephone Number (530) 210-4296, Subscriber: "UYTFDT FJGFGJ," Po Box 54988, Irvine, California, believed to be in possession of Jose VELARDES Zazueta, a member of a drug trafficking organization, with service provided by Sprint, hereinafter (**TELEPHONE #31**); (3) the cellular telephone assigned Telephone Number: (909) 205-0651, Subscriber: "IUHG FUKUYK," Po Box 54988, Irvine, California, believed to be in possession of a male identified as "Jovanny," a member of a drug trafficking organization, with service provided by Sprint, hereinafter (**TELEPHONE #32**); (4) the cellular telephone assigned Telephone Number: (909) 452-5029, Subscriber: "UFYD FUTTF," Po Box 54988, Irvine, California,

1 believed to be in possession of an female, identified as "VERE," a member of a drug trafficking
2 organization, with service provided by Sprint, hereinafter (**TELEPHONE #33**);; including but not
3 limited to E-911 Phase II data (or other precise location information) concerning **TELEPHONE #30**
4 **through TELEPHONE #33** (the "Requested Information")[2] for a period of 30 days.

5       The Court finds that there is probable cause to believe that the Requested Information will
6 constitute or lead to evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846,
7 among other offenses, as well as to the identification of individuals who are engaged in the commission
8 of these offenses. The Court also finds that there is reasonable cause to believe that providing
9 immediate notification of the execution of the warrant may seriously jeopardize an ongoing
10 investigation. Furthermore, the execution of this warrant will not result in the seizure of any tangible
11 property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that
12 the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly
13 authorized by 18 U.S.C. § 2703(c)(1)(A).

14       IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §
15 2703(c)(1)(A)that agents of DEA, beginning at any time within ten (10) days of the date of this Order
16 and for a period not to exceed 30 days, may obtain the Requested Information for **TELEPHONE #30**
17 **through TELEPHONE #33,** with said authority to extend to any time of the day or night as required,
18 including when **TELEPHONE #30 through TELEPHONE #33** leaves the Eastern District of
19 California; all of said authority being expressly limited to ascertaining the physical location of
20 **TELEPHONE #30 through TELEPHONE #33**, and expressly excluding the contents of any
21 communications conducted by the user(s) of **TELEPHONE #30 through TELEPHONE #33**.

22       It is further ORDERED that Sprint, the service provider for **TELEPHONE #30 through**
23 **TELEPHONE #33**, assist agents of the DEA by providing all information, facilities, and technical
24 assistance needed to ascertain the Requested Information, including initiating a signal to determine the

---

[2] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET CELL PHONE at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable case. See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703 (d) & 3121 et seq.).

location of the subject's mobile device on Sprint's network (or any networks it services or with which it has service contracts) or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as Sprint accords the user(s) of **TELEPHONE #30 through TELEPHONE #33.**

It is further ORDERED that the DEA compensate Sprint for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in support thereof, as they reveal an ongoing investigation, be sealed until further Order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and Sprint's necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extension thereof.

It is further ORDERED that Sprint, its affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

DATED: 6/10/13

HONORABLE DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE